UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS

LORING SMITH AND ASCENSION
ENGINEERING FL, INC.

    Plaintiffs,

vs.

JING CHEN AND SHUANG CHEN

    Defendants.
_____/

Case No.:

## COMPLAINT FOR PATENT INFRINGEMENT AND DEMAND FOR JURY TRIAL

Plaintiffs, Loring Smith, ("Smith") and Ascension Engineering Fl, Inc. ("Ascension"), by and through the undersigned counsel, bring this action for patent infringement against the Defendants, Jing Chen and Shuang Chen Insurance Company ("Essentia"), and allege as follows:

### PRELIMINARY STATEMENT

1. This is an action for infringement of Smith's United States Patent No. 10,215,273 (the "273 Patent") under the Patent Act, 35 U.S.C. § 271, based on Defendants' unauthorized commercial manufacture, use, importation, offer for sale, and sale of Shift Cable Repair kits via eBay in the United States.

## PARTIES

2. Smith is an individual who resides in Lakeland, Florida and is the holder of the patent at issue.

3. Ascension is a Florida for profit corporation with its principal place of business in Lakeland, Florida.

4. Upon information and belief, Jing Chen is an individual operating the eBay account known as brightsq24 out of Spring, Texas.

5. Upon information and belief, Shuang Chen is an individual operating the eBay account known as redoctopus258 out of Houston, Texas.

## JURISDICTION AND VENUE

6. This court has original and exclusive jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7. Personal jurisdiction over Defendants is proper in this District because Defendants operate their businesses out of this judicial district.

8. Venue is proper in The United States District Court for the Southern District of Texas pursuant to 28 U.S.C. §§ 1400(b) as it is where Plaintiffs believe the Defendants reside, and it is where the Defendants committed acts of infringement and maintain their place of business.

**FACTUAL ALLEGATIONS AND REQUEST FOR RELIEF**

9. The 273 Patent, titled method for installation of a bushing into the shift cable end of an automatic transmission without the use of a compression tool, was duly and legally issued on February 26, 2019, and names Smith as the inventor. Attached as Exhibit A to this Complaint is a true and correct copy of the 273 patent.

10. The 273 Patent claims, among other things, a method for the prompt installation of a factory-equivalent bushing into the transmission shift cable end of a motor vehicle that does not damage the shift cable end or the bushing, maintains the alignment of the bushing with the shift cable during the installation, ensures the proper coupling of the shift cable end and the shift lever, and avoids the need of replacing the entire shift cable.

11. Smith is the owner of the entire right, title, and interest in the 273 Patent, which has been in full force and effect since its issuance.

12. Ascension holds an exclusive license under the 273 Patent, including the right to make, and sell products covered by the 273 Patent's methodology.

13. Upon information and belief, Defendants have been and are directly infringing the 273 Patent by making, using, selling, or offering for sale in the United States, or importing into the United States, including within this judicial district, a "Shift Cable Repair Kit with Bushing" including those sold on eBay under listing

numbers 305818490791 and 186153323345 (the "Accused Products") in violation of 35 U.S.C. § 271(a).

14. Both Defendants describe the Accused Products as "a complete kit engineered to provide a safe and effective means to replace the transmission bushing. Item includes not only a replacement bushing but the installation tool as well. A professional can perform this repair in under 2 minutes, average time for a non-professional is less than 5 minutes. … Not only do we provide you with a superior bushing, but also the invaluable installation tool, providing ease of install every time."

15. The Accused Products utilize the exact compression notch mechanism described in the patent in combination with an instillation tool that radially compresses the leading shoulder of the bushing. *See* Exhibit A.

16. Defendants do not have licenses, permission or authorizations from Plaintiffs permitting their activity with respect to the Accused Products.

17. Upon information and belief, Defendants have intentionally aided and encouraged third parties (including Defendants' customers, partners and end users) to use Accused Products in the United States in a manner that Defendants know would infringe or have a high probability of infringing the 273 Patent, with the specific intent that those performing the acts infringe the 273 Patent.

18. Upon information and belief, Defendants have intentionally aided and encouraged third parties (including Defendants' vendors and partners such as eBay) to sell or offer for sale in the United States and/or import into the United States the Accused Products, having known that the acts they were causing would infringe or have a high probability of infringing the 273 Patent and with a specific intent that those performing the acts infringe the 273 Patent.

19. Upon information and belief, Defendants have been and are continuing to contributorily infringe the 273 Patent in violation of 35 U.S.C. § 271(c) by selling or offering to sell the Accused Products in this judicial district and throughout the United States, knowing them to be especially made or especially adapted for practicing the invention of the 273 Patent and not a staple article or commodity of commerce suitable for substantial non-infringing use. Defendants' actions contribute to the direct infringement of the 273 Patent by others, including Defendants' customers, partners and/or end users.

20. As a result of Defendants' infringement of the 273 Patent, Plaintiffs have been damaged and are entitled to recover damages as a result of Defendants' infringement of the 273 Patent in an amount not yet to be determined.

21. Additionally, Defendants' infringing acts and practices have caused and continue to cause irreparable harm to Plaintiffs.

**WHEREFORE,** Plaintiffs request judgment against Defendants as follows:

a. Adjudging that Defendants have infringed and continue to infringe the 273 Patent in violation of 35 U.S.C. § 271

b. That Defendants pay damages adequate to compensate Plaintiffs for Defendants' infringement of the 273 Patent, together with interest and costs under 35 U.S.C. § 284.

c. That Defendants be ordered to pay supplemental damages to Plaintiffs, including interest, with an accounting, as needed; and

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demand a trial by jury on all issues triable to a jury.

Respectfully submitted this 12th day of March, 2025 by:

> MACFARLANE FERGUSON & McMULLEN
> P.O. Box 1669
> Clearwater, FL  33757
> Phone: 727-441-8966 / Fax: 727-442-8470
> Attorneys for Plaintiff
>
>     */s/ Mitchel den Tuinder*
> Mitchel Den Tuinder, Esq., FBN: 1059106
> Secondary Email: mtuinder@macfar.com
> Vas2@macfar.com
> Sls2@macfar.com